Shams KASSIM, Plaintiff

v.

UNITED AIRLINES, INC., Defendant.

Civil Action No.: 16–11739

United States District Court,
E.D. Michigan,
Southern Division.

Signed 06/02/2017

Ellen G. Schreuder, Mancini Schreuder Kline PC, Warren, Michigan, for Plaintiff.

Scott R. Torpey, Justin M. Schmidt, Timothy J. O'Connell, Southfield, Michigan, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE WITNESSES [ECF NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO EXTEND TIME TO FILE RULE 26(A)(2) DISCLOSURES [ECF NO. 48], AND DENYING AS MOOT MOTION TO STRIKE OBJECTIONS [ECF NO. 46]

ELIZABETH A. STAFFORD, United States Magistrate Judge

### I. Introduction

Plaintiff Shams Kassim sues Defendant United Airlines for a May 2014 incident at Washington Dulles Airport that she alleges caused her serious bodily injuries. [ECF No. 1], United States District Judge Linda V. Parker, who referred the motions at issue to the undersigned, entered a scheduling order that, among other deadlines, required Kassim to make her Federal Rule of Civil Procedure 26(a)(2) disclosures no later than April 3, 2017, required United to make its Rule 26(a)(2) disclosures by May 2, 2017, and imposed a discovery cutoff of June 2, 2017. [ECF No. 28]. On April 10, 2017, United filed a motion to exclude Kassim's treating physicians from being witnesses because of alleged deficiencies that included not timely making her Rule 26(a)(2) expert disclosures.[1] [ECF No. 42]. In addition to responding to United's motion, Kassim filed a second motion to extend the deadline for her to file her expert disclosures, which United opposes.[2] [See ECF Nos. 48, 52, 54, 55, 56]. The Court held a hearing on May 31, 2017, and for the reasons stated below will **GRANT IN PART AND DENY IN PART** United's motion to exclude Kassim's treating physicians from being witnesses, **DENY** Kassim's motion for an extension of time to make her Rule 26(a)(2) disclosures; and **DENY AS MOOT** United's motion to strike objections to United's notice of non-fault parties, as Kassim has withdrawn those objections [ECF No. 46].

### II. Analysis

#### A.

Under Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." With respect to experts who are not retained or specially employed to provide expert testimony, the disclosure must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii)

---

1. United cited other grounds in its motion, but by the time of the hearing it was relying only on Rule 26(a)(2).

2. Judge Parker struck Kassim's first motion to extend the deadline for filing her expert disclosures because she failed to seek concurrence, as required by E.D. Michigan Local Rule 7.1(a). [ECF No. 45].

a summary of the facts and opinions to which the witness is expected to testify." Rule 26(a)(2)(C). When a Court schedules a deadline for the expert disclosures, they must be made by that deadline. Rule 26(a)(2)(D). *See also* Federal Rule of Civil Procedure 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

 Treating physicians who are testifying about their diagnoses and treatment of a plaintiff are almost certainly relying upon their specialized training and knowledge, so the subject matter of their testimony and a summary of the facts opinions to which they will testify are required under Rule 26(a)(2)(C). *Avendt v. Covidien Inc.*, 314 F.R.D. 547, 556–59 (E.D. Mich. 2016).[3] "The remedy for the failure to file the required expert report is exclusion of the opinion testimony, unless the Plaintiffs can establish that the insufficiency in their disclosures was either substantially justified or harmless." *Id.* at 559 (citing Fed. R. Civ. P. 37(c)(1)).

 Because Kassim did not request an extension of time to make her expert disclosures until after they were due, Federal Rule of Civil Procedure 6(b)(1)(B) applies, meaning that Kassim must show that her failure to act was due to "excusable neglect." To determine whether Kassim's neglect was excusable, the Court must consider all relevant circumstances, including "the danger of prejudice to the nonmoving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Morgan v. Gandalf, Ltd.*, 165 Fed.Appx. 425, 428 (6th Cir. 2006). The reason for the delay is the most critical factor, and "attorney error or inadvertence will not ordinarily support a finding of excusable neglect." *Id.* at 429.

## B.

To begin applying the above legal principles to this case, the Court will address whether Kassim's failure to timely file her Rule 26(a)(2)(C) disclosures was due to excusable neglect warranting an extension, and whether her delay was substantially justified so as to avoid the Rule 37(c)(1) sanction of excluding her treating physicians from providing expert opinion testimony.

In response to United's motion to exclude and in support of her motion for an extension, Kassim argued that United has contact information for each treating physician, that the treating physicians' conclusions and the bases for those conclusions are within the treatment records, and that United is free to depose the treating physicians. Kassim said that her counsel has been working diligently but "is not focused yet on medical testimony." [ECF No. 52, PageID 289]. She contended that she needs an extension of time to file her Rule 26(a)(2) disclosure because her request for a Medicare lien had not yet been provided, and asserted that she did not file the disclosure on April 3, 2017, "because she had no new witnesses to disclose." [ECF No. 48, PageID 278]. Kassim's response to United's motion stated that, under Rule 26(a)(2)(B), only retained or specially employed experts need to provide an expert report, but she did not address the requirements of Rule 26(a)(2)(C). [*Id.* at PageID 290–91].

At the hearing, Kassim stated that she needs the Medicare lien information in order to file her Rule 26(a)(2) disclosure because that rule requires a settlement demand, but Rule 26(a)(2) pertains to expert disclosures and does not require a settlement demand.[4] She reiterated that she has been focused on liability issues and that each party would be able to discover her treating physician's opinions during their depositions. Kassim's counsel stated that she still had not taken any steps to discover from the treating physicians the information that she would need to prepare the expert disclosures. Her counsel further explained that she primarily practices in

---

**3.** If the treating physicians intend to provide opinions beyond the scope of their treatment and diagnosis, they must file a formal expert report as described in Rule 26(a)(2)(B). *Avendt*, 314 F.R.D. at 556–59.

**4.** The Court surmises that Kassim's counsel is confusing her required Rule 26(a)(2) disclosures with the settlement statement that she is required to submit before the settlement conference. [ECF No. 30].

state court and did not understand the requirements of Rule 26(a)(2)(C).

Kassim's counsel's lack of understanding of that rule and lack of any effort to begin preparing her expert disclosures as late as the motion hearing are inexcusable, and her inexperience in federal court is no justification. Aside for the general principal that an attorney practicing in federal court is responsible for knowing the applicable rules, the fact is that Kassim received United's motion on April 10, 2017, and that motion detailed the requirements of Rule 26(a)(2), and included abundant citations to authority. [ECF No. 42, PageID 200–03, 211–17].

■ But even if United had not detailed the applicable law in its motion, Kassim's counsel's error in understanding the law does not constitute excusable neglect or a substantial justification for her failure to timely make her expert disclosures. *Morgan*, 165 Fed.Appx. at 429. Kassim's assertion that she was at this point focused only on liability issues is perplexing given Judge Parker's order that she make expert disclosures by April 3, and given the fact that the injuries alleged occurred more than three years ago. Kassim's failure to make timely expert disclosures was certainly due to neglect, but it is not excusable.

The next issue is whether Kassim's failure to timely make her expert disclosures is harmless or whether it would instead prejudice United and impact the judicial proceedings if she were allowed an extended period of time within which to make them; these considerations are relevant under both Rule 37(c)(1) and Rule 6(b)(1)(B). The Court finds that allowing Kassim such an extension would not be harmless, would prejudice United and would disrupt the flow of litigation. United's expert disclosures were due on May 2, 2017 and discovery closes on June 2, 2017, and Kassim has not filed for an extension of either of these deadlines. Had Kassim cured her deficiency shortly after United filed its motion, her tardiness may have been harmless and may have required only modest adjustments to the scheduling deadlines. But she has not even begun to take steps to discover the information required to make her disclosures nearly two months after they were due, and she requests an extension of her deadline for filing her expert disclosures without regard to how that would impact the rest of the schedule. And despite Kassim having not provided her disclosures, depositions of treating physicians have proceeded, which "defeats the purpose of Rule 26's expert disclosure requirements." *Rangel v. Anderson*, 202 F.Supp.3d 1361, 1367 (S.D. Ga. 2016), *objections overruled*, No. CV 215-81, 2016 WL 6542717 (S.D. Ga. Nov. 3, 2016).

Like Kassim, the plaintiff in *Rangel* argued that the defendant's ability to depose the treating physician was sufficient. The court disagreed, stating that "allowing parties to obviate the need to provide Rule 26(a)(2) disclosures and reports by simply making their experts available to be deposed would render the Rule meaningless," and noting that the lack of disclosures impaired the defendant's ability to prepare for and conduct the treating physician's deposition. *Id.* The *Rangel* court thus rejected the plaintiff's contention that expert disclosures made after the treating physician's deposition could cure the deficiency of a timely made expert disclosure, and furthermore found that allowing the plaintiff to make expert disclosures so late would disrupt the orderly flow of litigation. *Id. See also Pineda v. City & Cty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (lack of expert disclosures for non-retained expert witnesses impaired defendant's ability to meaningfully depose or cross-examine them, and to decide which expert witnesses should even be deposed). This reasoning applies equally here. United has conducted depositions of Kassim's treating physician's without the benefit of expert disclosures, defeating the purpose of Rule 26(a)(2)(C). In addition, allowing her to make those disclosures well after they were due, after United was scheduled to provide its expert disclosures and even after the discovery deadline would disrupt the orderly flow of litigation.

## C.

Because Kassim's failure to timely make her expert disclosures was not due to excusable neglect, the Court must deny her motion for an extension of time to make it. Rule

6(b)(1)(B). And because her failure to timely make those disclosures was neither substantially justified nor harmless, the Court must grant United's motion to exclude her treating physicians from offering expert opinion testimony. Rule 37(c)(1).

However, United's motion is denied in part because it requested full exclusion of Kassim's treating physicians as witnesses, but Rule 37(c)(1) allows as a sanction the exclusion of expert opinion testimony, only. *See Avendt*, 314 F.R.D. at 559; *Adams v. Farbota*, 306 F.R.D. 563, 573 (M.D. Tenn. 2015). So Kassim's treating physicians may testify to what they observed, but not to their diagnoses and treatment, causation, or other matters that require medical expertise.

The final issue pertains to United's requests for reimbursement of reasonable expenses, including attorney's fees, caused by Kassim's failure to make timely expert disclosures. Rule 37(c)(1)(A) deems such an award a matter within the discretion of the Court. Because Kassim's counsel failed to take steps to learn what Rule 26(a)(2)(C) required and failed to take any steps to meet the requirements of that rule even after United filed its motion, an award expenses is warranted. United must file a bill of costs by June 16, 2017.

## D.

United filed a motion to strike Kassim's objections to United's notice of non-party fault, [ECF No. 46], but Kassim later withdrew those objections and United agreed during the hearing that the motion to strike is now moot. The motion to strike is therefore denied for mootness.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** United's motion to exclude Kassim's treating physicians from providing expert opinion testimony and its request for reimbursement of reasonable expenses, but **DENIES** United's request to exclude Kassim's treating physicians as witnesses altogether [**ECF No. 42**]; **DENIES** Kassim's motion for an extension of time to make her Rule 26(a)(2) disclosures [**ECF No. 48**]; and **DENIES AS MOOT** United's motion to strike objections to United's notice of non-fault parties, as Kassim has withdrawn those objections [**ECF No. 46**]. The Court further **ORDERS** United to file a bill of costs by **June 16, 2017.**